DOOLEY )
v. ) APPEAL.
GOODLOE )

HAYWOOD and BALCH, for the appellant,

TRIMBLE, for the appellee,

WHITE, J. delivered the opinion of the court:

One of the errors relied upon to reverse this judgment is, that the circuit court mistook the law when they re-

jected the evidence offered to explain the lease made to Dooley. That lease is dated in 1807, and gives the lessee a term of seven years, commencing on the 1st day of January 1808. It is prior in date to the deed under which Goodloe claims, and if it can be supported Goodloe ought not to recover in this action. The lease was intended to give an interest for the term of seven years in eight hundred acres of land, a part of the tract conveyed by Long to Goodloe; but it does not particularly describe in which part of the tract these 800 acres are to lie. *(1)* It is alleged by the appellee's counsel that this lease is void for uncertainty. It must be supposed that the parties when making it intended it should have some effect, and this intention should be supported, if any legal principle will enable us to do so. *(2)* We incline to think that, as the lessee is the person who is to do the first act, the law authorizes the construction that he may elect where he may have his eight hundred acres, and that when this election is made, the interest is in him during the term for the piece thus chosen; and that the mere fact of his having possession is evidence that the piece thus possessed is that which he elected to have. And we believe further, that he may be prevented, by parol, to prove the boundaries of his particular tract. The judgment ought, therefore, to be reversed. 3 Com. Dig. tit. Election. A.-Sugd. 102.

*(3)* Another point has been argued here, and that is, whether if Goodloe was not in actual possession, he can maintain the action of *Trespass Quare Clausum Fregit?* We are not certain that this question is so made in the record as to enable us to notice it—if it were, we have already decided it in the case of *Waggoner* v. *Corlew,* 1 Vol. 246, and would decide it so again, that this

action will not lie in such case. It has been argued that this would be very hard, as a plaintiff would be without remedy. This argument, takes for granted, the very things which we believe cannot be proved. What objection can there be to giving the plaintiff a special action on the case?